# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 5, 2023

Lyle W. Cayce
Clerk

No. 21-40864
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ADEDAYO HAKEEM SANUSI,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:20-CR-172-1

Before RICHMAN, *Chief Judge*, DUNCAN, and OLDHAM, *Circuit Judges*.
PER CURIAM:[*]

Adedayo Hakeem Sanusi pleaded guilty to possession of 15 or more access devices, aggravated identity theft, and illegal possession of device-making equipment. The district court varied upwardly from the guidelines range of imprisonment and imposed a total sentence of 84 months in prison. Sanusi appeals his sentence.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

Sanusi asserts that the district court erred in applying an enhancement pursuant to U.S.S.G. § 2B1.1(b)(10)(C) on the basis that his offense conduct involved sophisticated means. He argues that his conduct was unexceptional. We review his claim of error, which he preserved for appeal, for clear error. *See United States v. Valdez*, 726 F.3d 684, 692 (5th Cir. 2013).

The district court's finding that Sanusi's fraudulent scheme involved sophisticated means is plausible in light of the record as a whole. *See United States v. Miller*, 906 F.3d 373, 380 (5th Cir. 2018); *Valdez*, 726 F.3d at 692. As part of his scheme, he generated false identification documents, assumed people's identities, produced unauthorized and counterfeit credit cards, and used the altered credit cards for fraudulent transactions. In addition, Sanusi utilized internet platforms to talk to victims, impersonate various people, and obtain money and access to accounts. He used his victims' identities to open accounts and obtain credit cards, acquire loans, and attempt to buy property. Also, he sent wire transfers from dubious business entities connected to him to unknown recipients abroad. While Sanusi suggests that no sophistication was shown because aspects of his scheme were not particularly complex, the overall scheme, including the multiple methods that he utilized to conceal his conduct, supports that the district court properly applied the adjustment. *See Miller*, 906 F.3d at 380; *Valdez*, 726 F.3d at 695.

Sanusi also argues that his sentence was substantively unreasonable. He asserts that the guidelines range accounted for the factors that the district court invoked to justify the upward variance and alleges that the district court did not properly support its decision to vary. We review his claim for abuse of discretion. *See United States v. Vargas*, 21 F.4th 332, 334 (5th Cir. 2021).

The record establishes that the district court gave fact-specific reasons for varying upward and that its reasons were consistent with the 18 U.S.C. § 3553(a) factors. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir.

No. 21-40864

2006).  The district court could consider factors that were incorporated by the Sentencing Guidelines in deciding that an upward variance was proper. *See United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008); *United States v. Williams*, 517 F.3d 801, 809-11 (5th Cir. 2008).  The district court was in a superior position to determine the importance of particular facts under § 3553(a), and we must uphold the sentence imposed even if we reasonably could hold that a different sentence was proper.  *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008) (per curiam).  Sanusi is not entitled to relief merely because he believes that the § 3553(a) factors would have been equally served by a lesser sentence and that the district court erred in weighing the § 3553(a) factors. *See Gall*, 552 U.S. at 51.  Under the totality of the circumstances, the degree of the variance was not so disproportionate so as to overcome the factors that supported its imposition.  *See Brantley*, 537 F.3d at 349.

Thus, the judgment of the district court is AFFIRMED.